UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 20-380-HRW

TIMOTHY HAROLD CARRINO,                          PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 4, 2018, Timothy Harold Carrino filed an application for Title XVI Supplemental Security Income, alleging disability due to depression, hypertension, anxiety, bursitis, back pain, and hip pain.

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Robert Bowling (hereinafter "ALJ").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 55 years at the time he alleges he became disabled. He has a GED and past relevant work as a kitchen helper and a painter. In his decision denying Plaintiff's application, the ALJ determined Plaintiff has not engaged in substantial gainful activity since November 10, 2018, the date of alleged onset. He found Plaintiff suffers from the severe impairments of major dysfunction of the joints; disorders of the spine; depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; and substance use disorders. He found these impairments, either singly or in combination, do not met or equal a listing. The ALJ determined Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work, specifically:

> [Plaintiff] can occasionally lift or carry 20 pounds; [Plaintiff] can frequently lift or carry 10 pounds; [Plaintiff] can sit for six hours in an 8-hour workday with normal breaks; [Plaintiff] can stand or walk for six hours in an 8-hour workday with normal breaks; [Plaintiff] can push or pull equal to [his] lift and carry amounts; [Plaintiff] can only occasionally climb ladders, ropes and scaffolds; [Plaintiff] can only frequently climb ramps and stairs; [Plaintiff] can only frequently stoop, kneel, and crouch; [Plaintiff] should avoid

> concentrated exposure to vibration; work is limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple, work-related decisions and with only occasional work place changes; [Plaintiff] should have only occasional interaction with the general public, only occasional interaction with co-workers and only occasional supervision.

(Tr. 20-21).

The ALJ determined Plaintiff can perform his past relevant work as a kitchen helper, thus finding him not disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

B.   **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because he did not properly evaluate the medical source opinions in the record. Specifically, Plaintiff the ALJ failed to give appropriate consideration to the opinions of consultative examiner, Christi M. Hundley, Ph.D., state agency medical consultants, Robert K. Brown, M.D., and Jack Reed, M.D., and consultative examiner, Clay C. Guynn, D.O.

C.   **Analysis of Contentions on Appeal**

The Commissioner significantly changed the way medical source opinions are evaluated for claims filed on or after March 27, 2017, such as Plaintiff's. As relevant to Plaintiff's claim, the revised regulations significantly alter how the agency considers medical opinions. See 20 C.F.R. § 404.1520c (2017). As an initial matter, the regulations no longer use the term "treating source"; instead, they use the phrase "your medical source(s)" to refer to whichever medical sources a claimant chooses to use. See 20 C.F.R. § 404.1520c (2017). More importantly, following notice and comment, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. As the agency explained, since adoption of the "treating source rule" in 1991, healthcare delivery has changed in significant ways, and the agency's adjudicative experience has shown that the source of an opinion is no longer the most important factor for determining the persuasiveness of the

4

opinion. *Id.*

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

Furthermore, while the agency adjudicator—in this case the ALJ—must articulate his or her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017).

Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other

remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2017).

   1. **Doctor Hundley**

Christi Hundley, Ph.D., performed a mental evaluation of Plaintiff in connection with His disability application (Tr. 333-36). She diagnosed depression and anxiety as well as a history of alcohol use and opioid use disorder (Tr. 335). Dr. Hundley opined that Plaintiff had a fair ability to maintain attention and concentration and had mild limitations in understanding and remembering simple instructions; moderate to marked limitations in interacting appropriately in a work setting; and marked limitations in handling workplace stressors (Tr. 336).

The ALJ considered this opinion but found it unpersuasive because it was not consistent with the other evidence in the record. The ALJ specifically noted that the pertinent mental health treatment Plaintiff received had been conservative. Moreover, while discussing the treatment notes in the record, the ALJ emphasized that although Plaintiff consistently claimed anxiety and depression, he was stable, and his symptoms managed effectively with medication.

Plaintiff contends that his May 2018 suicide attempt lends credence to Hundley's opinion and undercuts the ALJ's analysis of the same. However, this incident occurred prior to the November 2018 alleged onset of disability. In fact, Plaintiff denied suicidal intentions during the period of adjudication.

Given the inconsistency with the record, the Court finds no error in the ALJ's consideration of Dr. Hundley's opinion.

   2. **Drs. Brown and Reed**

Two state agency physicians, Robert Brown, M.D., and Jack Reed, M.D.,

independently reviewed Plaintiff's medical records and agreed that he could lift and carry 20 pounds occasionally and 10 pounds frequently; could sit and stand/walk six hours each in an eight-hour workday; could frequently perform all postural activities but only occasionally climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to extreme temperatures, vibration, and pulmonary irritants (Tr. 70-72, 87-90).

The ALJ considered these prior administrative medical findings and concluded that they were "mostly persuasive" (Tr. 23). However, the ALJ noted that the doctors' findings that Plaintiff should avoid concentrated exposure to extreme temperatures and pulmonary irritants were based on shortness of breath of an "unknown origin" and thus were unsupported by the record (Tr. 23). Accordingly, the ALJ did not include these findings by the doctors in the assessed residual functional capacity (Tr. 20-21).

The ALJ pointed out that the lack of diagnostic evidence of record regarding this impairment, including only a reference to an "abnormal pulmonary function test" (Tr. 377). Indeed, Dr. Brown, Dr. Reed, and Dr. Guynn all indicated that Plaintiff's alleged breathing problems were of an "unknown origin" (Tr. 72, 89, 341). This belies the "supportability" of the opinions suggesting impairment in this regard.

Plaintiff argues that the record contains numerous instances of him being diagnosed with chronic obstructive pulmonary disease (COPD). However, the records Plaintiff cites merely reiterate Plaintiff's own statements to doctors that he had COPD. These subjective complaints do not establish a diagnosis.

Based on this record, or lack thereof, the ALJ reasonably found that no specific work-related pulmonary or temperature limitations resulted from Plaintiff's non-severe COPD (Tr. 23).

### 3. Dr. Guynn

Clay Guynn, D.O., performed an examination of Plaintiff in connection with his disability application (Tr. 338-43). He diagnosed chronic pain, lumbar spondylosis, chronic hip pain, depression, anxiety, reported shortness of breath of an unknown origin, tobacco abuse, a history of drug use, and a history of a traumatic subarachnoid hemorrhage (SAH) (Tr. 341). Dr. Guynn opined that Plaintiff could sit, walk, and/or stand for a full workday with frequent breaks and workplace modifications; could lift/carry objects with limitations; could hold a conversation; could respond appropriately to questions; and could carry out and remember instructions (Tr. 341).

The ALJ considered these statements but found them not persuasive (Tr. 23). Specifically, the ALJ noted that they were vague in nature and "d[id] not clearly state the most the claimant can do despite his impairments" (Tr. 23). The ALJ also questioned what "frequent breaks" and "workplace modifications" meant. *Id.*

The ALJ reasonably discounted this opinion due to its lack of specificity. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009) ("Dr. McCord's responses . . . address the general relationship between Allen's spinal condition and the symptoms/limitations it may cause, rather than addressing the specific extent of Allen's limitations.").

## III. CONCLUSION

As set forth *supra*, the two most important factors in determining the persuasiveness of a medical source's medical opinion are consistency and supportability. 20 C.F.R. § 404.1520c(b)(2) (2017). In this case, the opinions upon which Plaintiff relies in seeking reversal of the agency's finding of no disability lack both.

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9th day of July 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**